UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **TOREY BRITT** | **CIVIL ACTION** |
| **VERSUS** | **NO. 10-1979** |
| **JAN TRAN INC.** | **SECTION: B(4)** |

## ORDER AND REASONS

Before the Court is Defendant, JanTran, Inc.'s ("JanTran"), Motion to Transfer (Rec. Doc. No. 7) pursuant to 28 U.S.C. § 1404(a) to the United States District Court for the Northern District of Mississippi and Plaintiff, Torey Britt's ("Britt") opposition thereto (Rec. Doc. No. 9). For the following reasons, Defendant's Motion to Transfer is **GRANTED.**

This case arises from maritime injuries allegedly sustained by Britt on December 21, 2009. Britt, a resident of Lee County, Mississippi, was injured while working for JanTran, a Mississippi corporation doing business within Louisiana. Britt was working at Jan Tran's facility in Rosedale, Mississippi as a member of the B/V Brother Wilson, a vessel owned by JanTran. (Rec. Doc. No. 1) Britt was allegedly hurt while working on the vessel which caused his lower back to herniate the L3/4 disc and resulted in a discetomy in August, 2010. (Rec. Doc. 1). Pursuant to the Jones Act, Britt alleges JanTran breached its duty of reasonable care by failing to provide a safe work environment and maximum cure benefits. Britt is

attempting to recover for medical expenses, pain and suffering, lost wages, disability, and other damages from Jan Tran. (Rec. Doc. No. 1).

On February 17, 2011, Britt failed to appear at a deposition in New Orleans due to fact that he was placed on "house arrest" by authorities in Mississippi. (Rec. Doc. No. 10-2). Prior to the deposition, Britt was convicted of a felony in Mississippi and sentenced to five years incarceration. Due to his incarceration, Britt cannot appear in New Orleans in this District for his deposition or trial on September 12, 2011. JanTran wishes to transfer this matter to the Northern District of Mississippi where Britt will be incarcerated. (Rec. Doc. No. 10-2). In opposition, Britt wishes to invoke plaintiff's privilege to choose venue, pursuant to the Jones Act. Britt requests that this Court dismiss the matter without prejudice, thereby allowing him the opportunity to refile in another forum of his choosing.

JanTran requests to transfer this case arguing Britt's legal status renders him unable to be present for trial in this Court on September 12, 2011. Britt has been restricted by law to the state of Mississippi. JanTran states that in the interest of justice and convenience of the parties, this matter should be held in the District Court for the Northern District of Mississippi.

Britt has asked the Court to dismiss the Motion to Transfer without prejudice based on the proposition that Britt has the right

to re-file this matter in the proper forum of his choosing under the Jones Act.

**Motion to Transfer - 28 U.S.C. § 1404(a)**

Motions to transfer venue pursuant to 28 U.S.C. § 1404(a) are left to the sound discretion of the district court. *Mohamed v. Mazda Motoer Corp.*, 90 F.Supp. 2d 757, 768 (2000). 28 U.S.C. § 1404(a) states that a district court may transfer any civil case "[f]or the convenience of parties and witnesses, in the interest of justice . . . to any other district or division where it might have been brought." 28 U.S.C. § 1404(a). The inquiry called for by this statute is two part, "(1) whether the action sought to be transferred is one that 'might have been brought' in the district court where the movant seeks to have the case litigated, i.e., the 'transferee' court. If so, (2) whether, considering the 'convenience of parties and witnesses' and 'the interest of justice' a transfer to the proposed district is appropriate." *Atlantic Sounding Co., Inc. v. Steward*, No. 5:08-cv-307, 2009 WL 1375699, at *1 (S.D. MS. May 15, 2009) (citing *Hernandez v. Graebel Van Lines*, 761 F.Supp. 983 (E.D.N.Y. 1991).

Jan Tran, as the party seeking transfer, bears the burden of proof that the venue sought is proper. When determining if venue is proper, the Court must consider the locus of operative facts. AMJUR Fed. Courts § 1251. The locus of operative facts in the instant litigation is the Northern District of Mississippi. Venue

3

may be properly transferred because the incident occurred in the Northern District of Mississippi. Additionally, witnesses, physicians and parties to the suit are located in Mississippi. Therefore, the Northern District of Mississippi is a proper venue.

If the preliminary question is answered affirmatively, the court will balance public and private factors, none of which are of themselves dispositive, to determine whether transfer is warranted. *In re Volkswagen of America, Inc.*, 545 F.3d 304, 314-316 (5th Cir.2008)(en banc). The public interest factors are: (1) the administrative difficulties resulting from court congestion; (2) the relationship to the community from which jurors will be drawn to the litigation; (3) the local interest in having localized controversies decided at home; and (4) choice of law issues. *See, e.g., Gulf Oil Corp. v. Gilbert*, 330 U.S. 501, 508 (1947); *Sanders v. Seal Fleet, Inc.*, 998 F.Supp. 729, 738 (E.D. Tex. 1998); *Peters v. Milton Hall Surgical Associates*, L.L.C., 2003 WL 22174274 at *2 (E.D. La. 2003); *In re Volkswagen AG*, 371 F.3d 201, 203 (5th Cir. 2004).

The private interest factors are: (1) the plaintiff's choice of venue; (2) the situs of material events; (3) the cost of obtaining attendance of witnesses and other trial expenses; (4) the place of the alleged wrong; and (5) the possibility of delay and

prejudice if the court grants the transfer.[1]

However, taking all the factors together, unless they balance heavily in favor of the Defendant, the Plaintiff's choice of forum should rarely be disturbed. *Columbia Energy Services Corp. v. TDC Energy Corp.*, F. Supp. 2d, 2002 WL 272382 at *2 (E.D. La. 2002). The Plaintiff's choice of forum "is held to be 'highly esteemed,' and entitled to great weight, especially if the forum he chooses is in the district in which he resides."

A.  Public Interest Factors

1.  Relationship to Community and Local Interest

JanTran argues that the citizens of the Eastern District of Louisiana have no interest in the outcome of the instant litigation because Britt is a resident of the Northern District of Mississippi, JanTran's principal place of business is in Rosedale, Mississippi, and because the alleged injuries occurred in Mississippi. The only connection to the Eastern District of Louisiana is the residence of plaintiff's counsel. Britt does not rebut this assertion, in fact he does not address the public interest factors detailing this case and its relationship to the community from which jurors will be drawn to the litigation in the

---

[1] *See also In re Volkswagen* 545 F.3d at 314 (stating "Although a plaintiff's choice of venue is not a distinct factor in the venue transfer analysis, it is nonetheless taken into account as it places a significant burden on the movant to show good cause for the transfer.") *Id*. at 314 n.10.

opposition to the instant motion. This factor weighs in favor of transfer.

B. Private Interest Factors

1. Plaintiff's Choice of Venue

The Fifth Circuit has held that "it is clear under Fifth Circuit precedent that the plaintiff's choice of [venue] is clearly a factor to be considered but in and of itself it is neither conclusive nor determinative." *In re Horseshoe Entertainment*, 337 F. 3d 429, 434 (5th Cir. 2003). Moreover, "the plaintiff's privilege of choosing his venue, at the very least, places the burden on the defendants to demonstrate why the forum should be changed." *Time, Inc. v. Manning*, 366 F. 2d 690, 698 (5th Cir. 1966). In *Roulston v. Yazoo River Towing, Inc.*, F. Supp. 2d, 2004 WL 1687232 (E.D. La. 2004), the court held that venue transfer was proper; one factor contributing to that decision was the fact that Plaintiff did not reside in his chosen venue. The Court will afford less deference to the Plaintiff's choice if the Plaintiff does not reside in that chosen forum. *Id.* (*citing Marrogi*, 2001 WL 987386 at *2; *Morgan v.* 2003 WL 1903344 at *3.

In the instant case, Britt is a resident of Lee County, Mississippi which lies in the Northern District of Mississippi. (Rec. Doc. No. 10-2). Britt does not presently reside in the Eastern District of Louisiana, nor does anything in Britt's

6

opposition to the instant motion suggest that Britt was a resident of this district at the time of the alleged incident. Thus, Britt's choice of venue is given less deference than it would be, were Plaintiff a resident of this district. Additionally, Britt's illegal conduct precludes himself from this Court's jurisdiction having been placed under "house arrest" awaiting incarceration in the State of Mississippi. This factor militates in favor of transfer as well.

2. Location of incident

The location of the incident is an important factor when determining venue. *See, e.g., Holmes v. Warrior & Gulf Navigation Co.*, F. Supp. 2d, 2004 WL 1774615 at *3 (E.D. La. 2004). Here, both parties agree that the incident occurred in Mississippi. As neither party suggests that the alleged accident occurred in the Eastern District of Louisiana, this factor certainly weighs in favor of transfer.

3. Availability of Witnesses and Parties

This factor is arguably one of the most important when analyzing a Motion to Transfer. *See Aland v. Faison Associates*, F. Supp., 1998 WL 355468 (N.D. Tex. 1998). Britt's central argument in it's opposition to the instant motion is that JanTran can compel the attendance of its employees at trial. Additionally, most if not all the treating physicians are expected to testify via

7

deposition. These arguments are rendered irrelevant based on Britt's inability to appear for depositions and for trial in this District. (Rec. Doc. No. 10-2). Accordingly, the inefficiency of the litigation process from this District as opposed to the Northern District of Mississippi weighs resolutely in favor of transfer in this case to the Northern District of Mississippi.

Accordingly, **IT IS ORDERED** that Defendant Jan Tran's Motion to Transfer (Rec. Doc. No. 7) is hereby **GRANTED.**

New Orleans, Louisiana, this 23rd day of March, 2011.

_____
United States District Judge