IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
DELTA DIVISION

TOREY BRITT                                                        PLAINTIFF

V.                                              CIVIL ACTION NO. 2:11CV56-B-V

JANTRAN, INC.                                                     DEFENDANT

## **ORDER**

This cause comes before the court upon the plaintiff's Re-Urged Motion to Continue

Trial Date and the Defendant's Motion in Limine.  Upon due consideration, the court finds as

follows:

The defendant propounded interrogatories and a request for production of documents

upon the plaintiff on January 18, 2011.  The plaintiff was required to serve his answers and/or

any objections within thirty days after being served with said interrogatories and request.  Fed.

R. Civ. P. 33(b)(2) and 34(b)(2)(A).  To date, no responses have been submitted.

The plaintiff did not reveal to the defendant until December 5, 2011, over three months

past the expert designation deadline and approximately six weeks past the discovery deadline,

that he had been receiving treatment from Dr. Louis Rosa, a potential expert witness, for

fourteen months prior to this disclosure.  The plaintiff also provided the defendant with an

economic expert report from Dr. Randolph Rice on March 19, 2012, well past the applicable

deadline.

The plaintiff disclosed his witness and exhibit lists on April 17, 2012, but never

submitted his initial disclosures or responses to discovery which, according to the defendant,

remain outstanding to this date.  Defendant's counsel asserts that eighteen separate attempts were

made through email correspondence and telephone calls to obtain a response to defendant's

discovery requests.

Plaintiff's counsel has offered no justifiable excuse for his failure to comply with the case

management order or the most basic discovery rules applicable to a civil case but seeks to

continue the trial of this cause so that discovery may be properly completed. Because of this

failure, the defendant moves in limine to exclude any proof or testimony regarding damages,

injuries, or liability, whether by fact or expert. If the court were to grant the defendant's motion,

such a ruling would render the trial of this cause moot and, in effect, result in a dismissal of the

case. The court is not inclined to penalize the plaintiff for his counsel's neglect.

Instead, the court finds that an imposition of sanctions against plaintiff's counsel is

warranted. The district court's discretion in fashioning appropriate sanctions for parties who

disobey its orders is broad, although not unlimited. *Chilcutt v. United States*, 4 F.3d 1313, 1319-

20 (5th Cir. 1993). The court has the authority to impose monetary sanctions for discovery

related violations under Rule 37 of the Federal Rules of Civil Procedure. The court may impose

sanctions under Fed. R. Civ. P. 37(b)(2) for failure to comply with a court order. Plaintiff's

counsel has clearly and repeatedly failed to comply with the Magistrate Judge's case

management order of April 25, 2011. The court may also impose sanctions under Fed. R. Civ. P.

37(d)(1) for failing to serve answers to interrogatories or requests for production of documents.

Both rules allow the court to order "the party failing to act, the attorney advising that party, or

both to pay the reasonable expenses, including attorney's fees, caused by the failure . . . ."

The court finds no reason to sanction the plaintiff himself, as the failure to act appears to

be solely that of his counsel; and further, counsel has taken responsibility for his failure and

pleaded that his client not be penalized.  The sanctions herein imposed, therefore, apply only to plaintiff's counsel.

The court finds that counsel's failure has caused the defendant to incur expenses for the aforementioned motion in limine and in preparing a pretrial order that will require amendment after discovery is properly completed and before this case proceeds to trial.  The court therefore orders plaintiff's counsel to pay said expenses to the defendant.  The court will allow the defendant ten days from the date of this order within which to submit its expenses, including attorney's fees, to the court, at which time the court will determine their reasonableness and provide a deadline for their payment.

The court further orders that the trial of this cause be continued until further order of the court.  The plaintiff has thirty days from the date of this order to submit all outstanding discovery and to comply fully with all applicable discovery rules.  If the plaintiff fails to do so, this case will be dismissed with prejudice at that time.

It is, therefore, **ORDERED AND ADJUDGED**

that the plaintiff's Re-Urged Motion to Continue Trial Date is **GRANTED**, and the trial of this cause is hereby continued until further order of the court;

that the defendant's Motion in Limine is **DENIED**;

that a sanction for discovery violations shall be imposed upon plaintiff's counsel in an amount to be determined;

that defendant shall submit to the court its expenses incurred in preparing its motion in limine and the pretrial order within ten days of this date;

that plaintiff is allowed thirty days from this date to submit all outstanding discovery, or this case will be dismissed with prejudice.

This, the 15th day of May, 2012.

 /s/ Neal Biggers
**NEAL B. BIGGERS, JR.**
**UNITED STATES DISTRICT JUDGE**

3